IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome McCrea, ) | Civil Action No. 2:11-45-RBH-BHH |
| ) | |
| Petitioner, ) | **ORDER AND** |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden Robert Stevenson, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the Petitioner's Motion to Stay. (Dkt. # 30.) The Respondent opposes the motion. (Dkt. # 31.) The Petitioner has also filed a Motion for an Extension in which to file a response to the Respondent's Motion for Summary Judgment. (Dkt. # 32.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on January 5, 2011.[1] On June 15, 2011, the Respondent moved for summary judgment. (Dkt. # 26. ) By order filed June 16, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 28.) On July 1, 2011, the Petitioner filed this motion for a stay. On July 17, 2011, the Petitioner also filed a motion for an extension of time within which to respond to the Respondent's Summary Judgment Motion. (Dkt. # 32.)

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on January 5, 2011, at the Broad River Correctional Institution mailroom. (Pet. Attach.# 2.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

In this petition for habeas relief, the Petitioner raises the following grounds for relief:

**Ground One**: Ineffective assistance of trial counsel
**Supporting Facts:** Petitioner contends that trial counsel failed to properly and thoroughly investigate the facts surrounding his case prior to trial, and that said failure to investigate is the basis for his conviction. For example, several highly suspicious developments have manifested since petitioner's conviction which with the aid of a private investigator can be linked directly to the Williamsburg County Solicitor's office and the testifying witnesses that would constitute prosecutorial misconduct and malfeasance of public officials.

**Ground Two**: Ineffective assistance of trial counsel
**Supporting Facts:** Trial counsel erred in advancing the position that it was petitioner's duty to testify in his defense rather than developing alternative defense theories in the case because it is the right of the accused to plead not guilty and put the state to its burden to prove the accused's guilt beyond a reasonable doubt.

**Ground Three:** Ineffective assistance of counsel
**Supporting Facts:** Trial counsel failed to move for severance of the trials

**Ground Four:** Ineffective assistance of appellate counsel
**Supporting Facts:** Appellate counsel failed to raise key issues on certiorari for the S.C. Supreme Court to review and render a decision upon.

(Pet. 5-10.) In his motion for summary judgment, the Respondent argues that the first three of the Petitioner's grounds for relief are barred as they were not raised in state court. In his motion to stay, the Petitioner asks the court to stay this habeas action so that he can return to state court and attempt to exhaust his state remedies. The Respondent argues the fourth ground is not an appropriate ground for habeas relief.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed how "mixed" petitions containing both exhausted and unexhausted claims should be handled by district courts. The Court in *Rhines* noted the interplay between the one-year statute of limitations in the AEDPA, 28 U.S.C. § 2244(d) (1), and the requirement of *Rose v. Lundy*, 455 U.S. 509 (1982), that court's are to dismiss the entire mixed habeas petition without prejudice in order

to effectuate the requirement of "total exhaustion."  *Rhines*, 544 U.S. at 274-75.  In such cases, petitioners who come to federal court with a mixed petition "run the risk of forever losing their opportunity for any federal review [of their claims]" if the district court dismisses the case without prejudice close to or after the limitations period has expired." *Id.* In *Rhines*, the Court noted that some district courts have adopted a stay and abeyance procedure to deal with this problem: the court stays the petition and holds it in abeyance while the petitioner returns to state court with his unexhausted claims.  *Id.* at 275-76.  The Court cautioned, however, that the practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

For these reasons, stay and abeyance should be available only in limited circumstances. Because grating a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Id.* at 277.

    First, the undersigned finds that the holding in *Rhines* is inapplicable as the Petitioner's petition is not a mixed petition of exhausted and unexhausted claims.  All of the Petitioner's claims raised in his habeas petition have been exhausted. In any event, even applying *Rhines* to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted.  Although there may be a remote possibility that the state PCR

3

court will review the claims on the merits in a successive PCR application, even if the PCR court ultimately reviews the claims on the merits, any ruling of the District Court that the claims raised in this habeas petition are without merit would not preclude the state PCR court from reaching a contrary conclusion and granting relief.  *See Ivey v. Catoe,* 36 Fed.Appx. 718 (4th Cir. 2002).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Petitioner's Motion for a Stay (Dkt. # 30) be DENIED.

FURTHERMORE,  It is ORDERED that the Petitioner's Motion for an Extension (Dkt. # 32) is GRANTED.  If the District Court adopts this report, the Plaintiff shall have thirty days after the Court's order to respond to the Respondent's Summary Judgment Motion.


Bruce Howe Hendricks
United States Magistrate Judge

July   , 2011
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).