IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome McCrea, | ) | Civil Action No.: 2:11-cv-00045-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks.[1] [R&R, Doc. # 34.] In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff's Motion to Stay his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. [Motion to Stay, Doc. # 30.] Petitioner filed timely objections to the R&R on July 27, 2011. [Pet'r's Obj., Doc. # 38.]

**Background**

In his § 2254 Petition, Petitioner raises the following grounds for relief:

- **Ground One**: Ineffective assistance of trial counsel;
- **Ground Two**: Ineffective assistance of trial counsel;
- **Ground Three:** Ineffective assistance of counsel; and
- **Ground Four:** Ineffective assistance of Post-Conviction Relief ("PCR") appellate counsel.

[§ 2254 Pet., Doc. # 1, at 5–10; Pet'r's Reply, Doc. # 37, at 1.] On June 15, 2011, Respondent moved for summary judgment, and on June 16, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 1, 2011, the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge Hendricks for pretrial handling.

Petitioner filed the Motion to Stay, asking the Court to stay this habeas action so that he can return to state court and attempt to exhaust his state remedies.

### Standard of Review

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### Discussion

Petitioner objects to the Magistrate's finding that his § 2254 Petition is not a mix of exhausted and unexhausted claims. [Pet'r's Obj., Doc. # 38, at 1.] After a careful review of the record, this Court finds that the magistrate was correct. The record here shows that the claims in Petitioner's § 2254 Petition have been exhausted; Petitioner timely pursued a direct appeal and his one PCR action as a matter of right. [*See* Doc. # 27.]

Petitioner also argues he has a mixed Petition because he has not fully adjudicated his claim

for ineffective assistance of PCR appellate counsel. [Pet'r's Obj., Doc. # 38, at 1.] Respondent correctly argues that this is not an appropriate ground for relief. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction relief proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Kolle v. Reynolds*, No. 3:08-3196-PMD, 2009 WL 2356150 (D.S.C. July 30, 2009) ("Insofar as Kolle asserts that his PCR counsel and PCR appellate counsel have been ineffective, those claims are precluded pursuant to 28 U.S.C. § 2254(i)."). Accordingly, even if this ground had not been exhausted, it would not warrant a stay of these proceedings.

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R as amended below.

Petitioner's Motion to Stay is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall have twenty (20) days from the date of this Court's order to respond to Respondent's Summary Judgment Motion.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 22, 2011